IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:98CV463-MU
(3:92CR270-10-MU)

| | |
|---|---|
| WALTER LITTLE, JR., ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)-(1) through (6) (Doc. No. 41); on his Motion for Reconsideration under Rule 60(b)(6) (Doc. No. 42); and on his Motion to Compel an Answer from the Government (Doc. No. 43).

The record reflects that on October 20, 1998, Petitioner filed a Motion under 28 U.S.C. § 2255. (Doc. No. 1). Among other matters, Petitioner alleged that his conviction was imposed in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). (Id.). After considering the Government's response and Petitioner's reply thereto, on June 26, 2001, the Court entered an Order denying and dismissing Petitioner's Motion. (Doc. No. 35). On November 16, 2001, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal of that decision.

On March 18, 2002, the U.S. Supreme Court denied Petitioner's petition for certiorari review.

On January 3, 2005, Petitioner filed his first Motion for Reconsideration raising the new grounds that the Indictment under which he was charged failed to allege specific elements of the offenses; that the Court was not entitled to rely on testimony or the Pre-Sentence Report to calculate his sentence; that his attorney was ineffective for failing to raise these two allegations; and that the trial Court erred in substituting its own decisions for those of the jury. (Doc. No. 41). However, these allegations were not raised in the original or amended Motion to Vacate; therefore, Petitioner may not be entitled to any review of them.

Indeed, it is well settled that the Antiterrorism and Effective Death Penalty Act of 1996 places limitations on prisoners' abilities to file post-judgment challenges to their convictions and sentences. The Fourth Circuit has determined that motions directly attacking prisoners' convictions or sentences, no matter how captioned, are successive collateral review applications. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998). Furthermore, the Antiterrorism and Effective Death Penalty Act of 1996 requires that any such "second or successive motion must be

certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255.  Section 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Inasmuch as Petitioner's Motion for Reconsideration raises new challenges to his conviction and/or sentence and he fails to assert -- and this Court's records fail to disclose -- that he has secured the required authorization, this Court has no authority even to entertain the merits of the instant successive claims.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007).  Therefore, this Motion for reconsideration must be dismissed.

Petitioner's second Motion for Reconsideration is another matter.  Unlike his first Motion for Reconsideration, this second one properly asks the Court to revisit its determination that he could not bring his Apprendi-based allegations in a collateral proceeding.  In particular, Petitioner asserts that the case of Danforth v. Minnesota, 552 U.S. 264 (2008) undermines the Fourth Circuit's determination that Apprendi could not be retroactively applied to collateral challenges because the non-retroactivity bar was meant to apply only to federal challenges to state court

criminal convictions. However, even a cursory review of Danforth shows that Petitioner is mistaken. That is, Danforth, which does not even address the Apprendi case, explains that neither Teague nor any other federal precedent requires or precludes a State from applying new rules of criminal procedure to cases that are on collateral review in those State courts. 552 U.S. at 282. As such, Danforth does not require this Court to disturb its earlier determination that the holding from Apprendi simply is not available for Petitioner's collateral challenges to his federal convictions. Consequently, this Motion for Reconsideration must be denied.

Finally, as evidenced by the foregoing, the Court was able to resolve Petitioner's Motions without a response from the Government. Therefore, Petitioner's Motion to Compel an Answer from the Government will be denied.

**IT IS, THEREFORE, ORDERED:**

1. That Petitioner's first Motion for Reconsideration (Doc. No. 41) is **DISMISSED;**

2. That Petitioner's second Motion for Reconsideration (Doc. No. 42) is **DENIED;** and

3. That Petitioner's Motion to Compel an Answer (Doc. No. 43) is **DENIED.**

4

**SO ORDERED.**

Signed: April 13, 2010

Graham C. Mullen
United States District Judge